**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | Case Number: 3:20-CR-00179-M |
| JESSE NAVARRO WHITAKER (1), | § § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Dismiss the Indictment [ECF No. 54]. For the following reasons, the Motion is DENIED.

## I.   Background

Defendant is alleged to have jumped the outer security fence at FCI Seagoville on March 27, 2020, before running across the prison yard and attempting to enter the visitor center. The Government alleges that Defendant pulled a firearm from a backpack he was carrying when BOP officers were attempting to prevent his entry. He is said to have fired the firearm in response to the security guards preventing his entry. Defendant is charged with (1) Possession of a Firearm by a Convicted Felon, (2) Assault on a Federal Officer, and (3) Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence. Defendant moves to have all three charges dismissed.

II.   **Analysis**

1. **Count 1**

Defendant is charged with Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Section 922(g)(1) prohibits possession of a firearm "in or affecting commerce".  In *United States v. Penn*, 969 F.3d 450, 459-60 (5th Cir. 2020), the Fifth Circuit held that 922(g) reaches a felon's possession of a firearm if that firearm has crossed state lines at any time prior to the felon's possession.  Defendant asks this Court to construe the statute more narrowly.  In doing so, Defendant asks the Court to interpret the statute in a manner contrary to clear Fifth Circuit precedent to dismiss Count 1 of the Indictment.  This Court declines to do so.  As to Count 1, the Motion is DENIED.

2. **Count 2**

Defendant is charged with Assault on a Federal Officer, in violation of 18 U.S.C. §§ 111(a)(1) and (b), and 1114.  Defendant argues that 18 U.S.C. § 111 is unconstitutionally vague, and that the assault charge he faces is duplicitous.

Section 111(a)(1) reads,

> Whoever—forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties . . . shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

18 U.S.C. § 111(a)(1).  Section 111(b) applies when someone commits one of the crimes described in § 111(a) and "uses a deadly or dangerous weapon".  Defendant concedes that the Fifth Circuit has rejected the argument that § 111 is unconstitutionally vague.  *United States v.*

*Varkonyi*, 645 F.2d 453, 457 (5th Cir. 1981).  He argues, however, without citing them, that more recent decisions have expanded the interpretations of § 111, making unclear (1) what actions are required to trigger liability, and (2) what mental state is required to be guilty. *Varkonyi* is binding precedent on this Court, and this Court will apply it.

Defendant also argues that Count Two should be dismissed because it is duplicitous, or that, at least, the verbs "resist, oppose, impede, intimidate, and interfere with" should be struck from the Indictment.  The Fifth Circuit has previously rejected the argument that the plain language of § 111 is duplicitous.  *Bennett v. U.S.*, 285 F.2d 567, 571-72 (5th Cir. 1960) ("Nor do we find that appellant's argument as to duplicity is worthy of extensive consideration. . . . [T]he indictment followed the language of the statute under which it was brought, and this was sufficient to give appellant notice of the crime of which he was charged, the indictment being 'sufficient to prove any one or more of the charges.") (internal quotations omitted).  The Court will apply *Bennett*.  The Court declines to dismiss Count Two as duplicitous, and will not strike "resist, oppose, impede, intimidate, and interfere with".  As to Count 2, Defendant's Motion is DENIED.  This decision will not prevent any arguments Defendant may make as to the jury charge.

### 3. Count 3

Defendant is charged with Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).  Section 924(c) makes it a crime for "any person who, during and in relation to any crime of violence or drug trafficking crime for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A).  The Government argues that the use of a deadly weapon in

violation of § 111(b) qualifies as a crime of violence under § 924(c).  Defendant argues that, because § 111(b) prohibits the use of "a deadly or dangerous weapon or [inflicting] bodily injury" when someone commits one of the crimes described in § 111(a), a violation of § 111(b) cannot qualify as a crime of violence under § 924(c).

Defendant cited no authority directly supporting its proposed interpretation of § 924(c), and various circuit courts have held that the use of a firearm, in violation of § 111(b), is a crime of violence under § 924(c).  *United States v. Bates*, 960 F.3d 1278, 1287 (11th Cir. 2020) ("The use of a deadly weapon under § 111(b) transforms a § 111(a) act into a crime of violence" under § 924(c)); *Gray v. United States*, 980 F.3d 264, 268 (2d Cir. 2020) ("[W]e hold that an offense under § 111(b) is a categorical crime of violence" under § 924(c)); *United States v. Rafidi*, 829 F.3d 437, 445-46 (6th Cir. 2016) (finding that a § 111(b) conviction constitutes a crime of violence under § 924(c)); *see also United States v. Hernandez-Hernandez*, 817 F.3d 207, 217 (5th Cir. 2016) ("because we find that Hernandez's crime of conviction under § 111(b) necessarily required a finding that he intentionally used, attempted to use, or threatened to use physical force against the person of another . . . we hold that § 111(b) is categorically a crime of violence").  In *Hernandez-Hernandez*, the Fifth Circuit addressed the question of whether § 111(b) constitutes a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii).  Under that guideline, a crime is a crime of violence if a conviction requires a finding that the defendant intentionally used, attempted to use, or threatened to use physical force against the person of another.  U.S.S.G. § 2L1.2, cmt. n. 1(B)(iii).  A crime of violence under § 924(c) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  The standards in U.S.S.G. § 2L1.2(b)(1)(A)(ii) and § 924(c) are so similar that the Eleventh Circuit, in *Bates*, counted the Fifth Circuit as a circuit which has already held that §

4

111(b) qualifies as a crime of violence under § 924(c).  *Bates*, 960 F.3d at 1288 (citing *Hernandez-Hernandez*).  Without so concluding, this Court finds that the use of a deadly weapon under § 111(b) constitutes a crime of violence under § 924(c).  As to Count 3, Defendant's Motion is DENIED.

### III.   Conclusion

For the reasons above, Defendant's Motion to Dismiss the Indictment is DENIED.

**SO ORDERED**.

December 30, 2020.

_____
BARBARA M. G. LYNN
CHIEF JUDGE